1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                          **DISTRICT OF NEVADA**
7
8    DILARAM A. KHANKHODJAEVA,              )
                                            )
9              Plaintiff,                   )        Case No. 2:10-cv-01577-JCM-GWF
                                            )
10   vs.                                    )        **ORDER**
                                            )
11   SAXON MORTGAGE SERVICES, *et al.*,     )        Motion to Stay Discovery Pending
                                            )        Decision on Motion to Dismiss (#23)
12             Defendants.                  )
     _____    )
13

14         This matter comes before the Court on Saxon Mortgage Services, Inc.'s Motion to Stay

15   Discovery Pending Decision on Motion to Dismiss (#23), filed on November 18, 2011.  Plaintiff filed

16   no response to this motion.

17                                **BACKGROUND**

18         In this case, Plaintiff is challenging the foreclosure of her property by Defendants.  Plaintiff

19   admits to borrowing the money, securing the loan and then failing to make payments.  Plaintiff however

20   claims that Defendants did not have the right to foreclose her property due to their involvement with

21   MERS.  On September 19, 2011, Defendant Saxon Mortgage Services ("Saxon") filed a Motion to

22   Dismiss (#15), arguing that Plaintiff's Amended Complaint should be dismissed because her claims are

23   meritless, not legally cognizable, or time barred.  Plaintiff filed a Response (#18) to that motion on

24   October 3, 2011, and Defendant's filed their Reply (#19) on October 13, 2011.

25         On November 8, 2011, the Court entered an Order (#20) directing the parties to submit a

26   proposed discovery plan by November 18, 2011 in accordance with LR 26-1.  On November 17, 2011,

27   Plaintiff filed her Proposed Discovery Plan (#21) along with a Motion for Leave to File an Amended

28   Complaint (#22).  Defendants, in response to the Court's Order, filed this instant Motion to Stay

Discovery Pending Decision on Motion to Dismiss (#23).  Saxon argues that good cause exists to stay all discovery in this case until the Motion to Dismiss has been ruled on.  Specifically, Saxon claims that Plaintiff's Amended Complaint will likely be dismissed because it fails to state any claims upon which relief can be granted, and therefore commencing discovery at this stage would be a waste of resources.  Saxon further argues that the Plaintiff will suffer no prejudice if a stay is granted.  Currently, Defendant Saxon's Motion to Dismiss (#15) and Plaintiff's Motion for Leave to File an Amended Complaint (#22) are pending before the Court.

**DISCUSSION**

Courts have broad discretionary power to control discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.  Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–6 (D.Nev.1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev.1989)).  Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues. *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)).

Plaintiff filed her Amended Complaint on June 24, 2011.  Upon screening of Plaintiff's initial complaint, the Court found that only one cause of action may state a valid legal claim and dismissed without prejudice the remaining claims.  (*See* Court's Screening Order (#5).)  The Court has reviewed Plaintiff's Amended Complaint and finds that it is substantially similar to her initial complaint with the exception of two additional parties, Quality Loan Service Corp and Wells Fargo Bank, and two additional claims, fraudulent assignment and wrongful foreclosure.  Upon review of the various arguments set forth by Saxon in support of their Motion to Dismiss, without expressing a view one way or the other on the merits of the motion, the Court finds that Defendant has met their burden to show that discovery should be stayed.  Because Plaintiff failed to file a response to this motion, the Court will not proceed with a detailed analysis of the likelihood of success of each of Plaintiff's claims.  Pursuant

2

to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  The Court therefore will grant Defendant's motion and stay all discovery pending the disposition of Defendant's Motion to Dismiss.  Accordingly,

**IT IS HEREBY ORDERED** that Saxon Mortgage Services, Inc.'s Motion to Stay Discovery Pending Decision on Motion to Dismiss (#23) is **granted**.  All discovery will be stayed pending disposition on Defendant's Motion to Dismiss (#15).

DATED this 19th day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3