UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DILARAM A. KHANKHODJAEVA,<br><br>    Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, et al.,<br><br>    Defendants. | 2:10-CV-1577 JCM (GWF) |

**ORDER**

Presently before the court is defendant Saxon Mortgage Services, Inc.'s motion to dismiss complaint for failure to state a claim upon which relief can be granted. (Doc. #15). Plaintiff Dilaram Khankhodjaeva filed a *pro se* opposition. (Doc. #18). Saxon then filed a reply. (Doc. #19).

Also before the court is plaintiff's *pro se* motion for leave to file an amended complaint. (Doc. #22). Plaintiff attached a copy of the proposed second amended complaint to the motion. (Doc. #22). Saxon filed an opposition. (Doc. #24). Plaintiff did not file a reply.

The property at issue in this case is located at 72 Falcon Feather Way, Henderson, Nevada. (Doc. #9). In 2009, plaintiff stopped making payments on the her loan. A notice of default was recorded on May 22, 2009, and a notice of trustee's sale was recorded on March 24, 2011. (Doc. #15). The property was sold at a public auction on May 16, 2011. (Doc. #15).

Saxon moves to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #15). The first amended complaint alleges seven causes of action: (1) failure to

**James C. Mahan**
**U.S. District Judge**

comply with Real Estate Settlement Procedures Act ("RESPA") rules, (2) fraud and intentional deceit, (3) breach of contract and breach of the implied covenant of good faith and fair dealing, (4) quiet title, (5) declaratory judgment, (6) fraudulent assignment, and (7) wrongful foreclosure. (Doc. #9).

**Motion to amend**

This case was opened on September 15, 2010. (Doc. #1). Magistrate Judge Foley screened the complaint and ordered the clerk of the court to file the complaint. (Doc. #5). In the screening order, Judge Foley dismissed the majority of plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. #5). However, the order stated that plaintiff could file an amended complaint if she could cure the deficiencies. (Doc. #5). On June 24, 2011, plaintiff filed her first amended complaint. (Doc. #9).

Defendant then filed the motion to dismiss plaintiff's first amended complaint. (Doc. #15). While the motion to dismiss was pending, plaintiff filed this motion to amend. (Doc. #22). Plaintiff asserts that, during the preparation of her opposition to the motion to dismiss, she uncovered and identified new facts and an additional defendant. (Doc. #22).

A review of plaintiff's proposed second amended complaint demonstrates that plaintiff is now attempting: (1) to add ABFC Asset-Backed Certificates, Series 2005-HE2, Asset-Backed Funding Corporation as a defendant, (2) to delete her quite title cause of action, and (3) to add various factual allegations.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed amended complaint along with the motion to amend. LR 15-1(a).

The court is not inclined to grant plaintiff's motion for leave to file an amended complaint. Plaintiff's proposed amendments are futile. The additional factual allegations do not support or state a claim upon which relief can be granted. Further, the proposed amended complaint identifies the proposed additional defendant as "managed by [d]efendant" Wells Fargo Bank N.A. (Doc. #22). Wells Fargo Bank N.A. is already a defendant in this matter. Thus, this proposed amended complaint does not make any substantive, material additions to the complaint and is, therefore, futile.

## Motion to Dismiss

**Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**1.   Failure to comply with RESPA rules**

Plaintiff's first claim alleges various violations of RESPA, 12 U.S.C. § 2605. (Doc. #9). Specifically, plaintiff asserts the following RESPA violations: (1) Saxon charged excessive and predatory fees, (2) Saxon received kickbacks from a controlled business agreement, and (3) Saxon

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  failed to acknowledge receipt and respond to plaintiff's qualified written responses ("QWR"). (Doc.
2  #9). Saxon moves to dismiss this claim, arguing (1) that a private claim for excessive fees is not
3  actionable under § 2607, (2) that plaintiff's RESPA claims are time-barred, (3) Saxon did respond
4  to plaintiff's insufficient QWRs, and (4) the complaint fails to provide any factual support for
5  plaintiff's alleged RESPA damages. (Doc. #15).

6      To the extent plaintiff alleges violations of §§ 2607 and 2608, these claims are barred by the
7  applicable statute of limitations. 12 U.S.C. § 2614 provides that an action pursuant to §§ 2607 or
8  2608 may be brought within one year "from the date of the occurrence of the violation." Here, the
9  alleged violations occurred in 2005, when plaintiff executed the deeds of trust. Plaintiff did not
10 bring the instant lawsuit until September 2010. (Doc. #1). Accordingly, plaintiffs §§ 2607 and 2608
11 claims are time-barred by the one year statute of limitations. *See* 12 U.S.C. § 2614.

12     Plaintiff also asserts that Saxon violated § 2605 when it allegedly failed to acknowledge
13 receipt of and reply to plaintiff's QWRs. (Doc. #9). Pursuant to 12 U.S.C. § 2605(f)(1)(A), an
14 individual asserting a violation of § 2605 can recover "actual damages." Thus, to recover under §
15 2605(f)(1)(A), a plaintiff must allege sufficient factual matter suggesting that the plaintiff suffered
16 actual damages. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010);
17 *Sitanggang v. Countrywide Home Loans, Inc.*, 419 Fed. Appx. 756, at *1 (9th Cir. 2011).

18     Here, plaintiff simply asserts that "[b]y following the direction and instruction of the
19 [d]efendants the [p]laintiff has suffered damage to her credit rating, the title to her property has been
20 clouded and she has lost her home." (Doc. #9). The factual allegations in the complaint are
21 insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Plaintiff
22 has not pled sufficient factual matter to demonstrate that it is plausible that Saxon's alleged failure
23 to act caused the claimed damages. Instead, plaintiff has pled only "facts that are 'merely
24 consistent' with a defendant's liability . . . ." *Id.* This is insufficient to survive a Rule 12(b)(6)
25 motion. *Id.*

26 **2.    Fraud and intentional deceit**

27     Plaintiff's second claim for fraud and intentional deceit alleges that Saxon "committed fraud

28

1  by tell (sic) her that the only way she could obtain a loan modification was to not make payments
2  for at least 90 days." (Doc. #9). Saxon moves to dismiss this claim, arguing that the pleading fails
3  to meet the heightened pleading standard for fraud pursuant to Federal Rule of Civil Procedure 9(b).
4  (Doc. #15).

5  "In alleging fraud or mistake, a party must state with particularity the circumstances
6  constituting fraud or mistake." FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by
7  'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*,
8  317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).
9  If a complaint asserting a fraud claim fails to meet the heightened pleading requirements of Rule
10 9(b), a district court may dismiss the claim. *Id.* at 1107.

11 Plaintiff's complaint fails to allege the "who, what, when, where, and how" of the
12 misconduct charged. *Id.* at 1106. Accordingly, dismissal of plaintiff's fraud claim is appropriate.

13 **3.    Breach of contract and breach of the implied covenant of good faith and fair dealing**

14 In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol*
15 *Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert
16 a claim for breach of the covenant if the defendant deliberately contravenes the intention and spirit
17 of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

18 Plaintiff does not allege any facts indicating that Saxon was "unfaithful to the purpose of the
19 contract." *See Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991).
20 Plaintiff only asserts that Saxon "engaged in predatory lending" and did "not have the authority to
21 initiate the foreclosure process." (Doc. #9). These allegations provide no more than "labels and
22 conclusions" and are, therefore, insufficient to state a claim upon which relief can be granted.
23 *Twombly*, 550 U.S. at 555.

24 **4.    Quiet title**

25 In an action for quiet title in Nevada, NRS § 40.010 requires "[a]n action . . . be brought by
26 any person against another who claims an estate or interest in real property, adverse to him, for the
27 purpose of determining such adverse claim." In a claim for quiet title the burden of proof rests with
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   the plaintiff to prove a good title in himself. *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318
2   (Nev. 1996). Further, an action for quiet title should be dismissed where plaintiff's claim "is not
3   based on a cognizable legal theory." *Elias v. HomeEQ Servicing,* 2009 WL 481270 at *2 (D. Nev.
4   2009). A borrower cannot quiet title to a property without discharging any debt owed. *Futch v. BAC*
5   *Home Loans Servicing, LP*, 2011 WL 4544006 at *3 (D. Nev. 2011).

6   Plaintiff has not carried her burden of showing that she possesses good title. The subject
7   property in this case is encumbered by two deeds of trust, and plaintiff has not alleged that she has
8   paid the loans secured by the deeds of trust. Thus, plaintiff has not pled a quiet title claim upon
9   which relief can be granted.

10  **5.      Declaratory judgment**

11  A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v.*
12  *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The
13  declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011
14  WL 1363811 at *4 (D. Nev. 2011). If the substantive claims fail, then the claim for declaratory relief
15  also fails. *Id.*

16  Plaintiff has failed to plead a claim for which relief can be granted. FED. R. CIV. P. 12(b)(6).
17  Accordingly, plaintiff's substantive claims fail, and the claim for declaratory relief also fails.

18  **6.      Fraudulent assignment**

19  The premise of plaintiff's fraudulent assignment claim is that the note and the deed of trust
20  were separated when MERS became involved. Thus, plaintiff relies on the split the note theory
21  rejected by the Ninth Circuit in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044
22  (9th Cir. 2011). Additionally, plaintiff's has failed to allege the "the who, what, when, where, and
23  how" of the alleged fraud. *See* FED. R. CIV. P. 9(b); *Vess*, 317 F.3d at 1106. Accordingly, plaintiff
24  has failed to plead a claim upon which relief can be granted.

25  **7.      Wrongful foreclosure**

26  Plaintiff's wrongful foreclosure claim asserts that defendant Quality Loan Service Corp. did
27  not have the authority to foreclose on this property. (Doc. #9). Thus, the foreclosure did not comply

28

James C. Mahan
U.S. District Judge

- 6 -

1  with NRS 107.080 and is, therefore, invalid. (Doc. #9).

2  The factual allegations in this claim do not involve Saxon. Plaintiff has not alleged that
3  Saxon was the assigned trustee or that Saxon filed the allegedly improper notice. Accordingly,
4  plaintiff has not pled a claim upon which relief can be granted against Saxon.

5  Accordingly,

6  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Saxon Mortgage
7  Services, Inc.'s motion to dismiss complaint for failure to state a claim upon which relief can be
8  granted (doc. #15) be, and the same hereby is, GRANTED.

9  IT IS FURTHER ORDERED that the complaint be, and the same hereby is, DISMISSED
10 as to defendant Saxon Mortgage Services, Inc.

11 IT IS FURTHER ORDERED that plaintiff Dilaram Khankhodjaeva's *pro se* motion for leave
12 to file an amended complaint (doc. #22) be, and the same hereby is, DENIED without prejudice.

13 DATED January 24, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -