1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan
U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| DILARAM A. KHANKHODJAEVA, | 2:10-CV-1577 JCM (GWF) |
| Plaintiff, | |
| v. | |
| SAXON MORTGAGE SERVICES, et al., | |
| Defendants. | |

### ORDER

Presently before the court is *pro se* plaintiff Dilaram A. Khankhodjaeva's opposition to the notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) issued by the clerk's office. (Doc. #28).

Plaintiff filed this case on September 15, 2010. (Doc. #1). United States Magistrate Judge Foley granted plaintiff's in forma pauperis application (doc. #4) and issued a screening order (doc. #5). The screening order stated: (1) plaintiff was required to file an amended complaint by June 24, 2011, and (2) the clerk of court should issue summons to the defendants named in the complaint and deliver the summons to the U.S. Marshal for service. (Doc. #5). Plaintiff filed an amended complaint on June 24, 2011, which attempted to cure the deficiencies identified in the screening order. (Doc. #9). The amended complaint also added new parties. (Doc. #9).

The parties added in the amended complaint were never served. Additionally, the summons for defendant Mortgage Electronic Registration Systems, Inc., one of the defendants in the original

complaint, was returned unexecuted by the U.S. Marshal. (Doc. #10). Plaintiff provided a P.O. box address, and personal service cannot be effected on a P.O. box. (Doc. #10). Plaintiff never moved for an order requiring the clerk of court to issue summons for the defendants added in the amended complaint and for the U.S. Marshal to serve the new defendants.

Plaintiff now opposes the Rule 4(m) notice, asserting that the U.S. Marshal should have served the remaining defendants in this case. (Doc. #28). Pursuant to Magistrate Judge Foley's screening order, "if the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used." (Doc. #5). The court interprets plaintiff's *pro se* opposition to the Rule 4(m) notice as such a motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the clerk of court shall issue summons to the remaining defendants in this case and deliver the summons to the U.S. Marshal for service. Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. After plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, she has twenty (20) days to file a notice with the court identifying which defendants were served and which were not served, if any.

DATED February 23, 2012.

_____
UNITED STATES DISTRICT JUDGE