UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DILARAM A. KHANKHODJAEVA,<br><br>  Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, et al.,<br><br>  Defendants. | 2:10-CV-1577 JCM (GWF) |

**ORDER**

Presently before the court is defendant Quality Loan Service Corporation's ("Quality") motion to dismiss. (Doc. #32). Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. filed joinders to this motion. (Docs. #36 and #39). *Pro se* plaintiff Dilaram A. Khankhodjaeva filed an opposition. (Doc. #37). Quality then filed a reply. (Doc. #38).

The property at issue in this case is located at 72 Falcon Feather Way, Henderson, Nevada. (Doc. #9). Plaintiff financed the purchase of this property by executing a note and a deed of trust promising to pay $191,040. (Doc. #32, Ex. 1). In 2009, plaintiff stopped making payments on her loan. A notice of trustee's sale was recorded on March 24, 2011. (Doc. #32, Ex. 5). The property was sold at a public auction on May 16, 2011. (Doc. #32, Ex. 6). Defendants now move to dismiss the complaint, asserting that plaintiff has failed to state a claim upon which relief can be granted. (Doc. #32).

**James C. Mahan**
**U.S. District Judge**

**Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**1.    Failure to comply with RESPA rules**

Plaintiff's first claim alleges various violations of RESPA, 12 U.S.C. § 2605. (Doc. #9). Specifically, plaintiff asserts the following RESPA violations: (1) defendants charged excessive and predatory fees, (2) defendants received kickbacks from a controlled business agreement, and (3) defendants failed to acknowledge receipt and respond to plaintiff's qualified written responses ("QWR"). (Doc. #9).

To the extent plaintiff alleges violations of §§ 2607 and 2608, these claims are barred by the applicable statute of limitations. 12 U.S.C. § 2614 provides that an action pursuant to §§ 2607 or 2608 may be brought within one year "from the date of the occurrence of the violation." Here, the alleged violations occurred in 2005, when plaintiff executed the deeds of trust. Plaintiff did not bring the instant lawsuit until September 2010. (Doc. #1). Accordingly, plaintiff's §§ 2607 and

1  2608 claims are time-barred by the one year statute of limitations. *See* 12 U.S.C. § 2614.

2  Plaintiff also asserts that defendants violated § 2605 when they allegedly failed to
3  acknowledge receipt of and reply to plaintiff's QWRs. (Doc. #9). Pursuant to 12 U.S.C. §
4  2605(f)(1)(A), an individual asserting a violation of § 2605 can recover "actual damages." Thus, to
5  recover under § 2605(f)(1)(A), a plaintiff must allege sufficient factual matter suggesting that the
6  plaintiff suffered actual damages. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175
7  (E.D. Cal. 2010); *Sitanggang v. Countrywide Home Loans, Inc.*, 419 Fed. Appx. 756, at *1 (9th Cir.
8  2011).

9  Here, plaintiff simply asserts that "[b]y following the direction and instruction of the
10 [d]efendants the [p]laintiff has suffered damage to her credit rating, the title to her property has been
11 clouded and she has lost her home." (Doc. #9). The factual allegations in the complaint are
12 insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Plaintiff
13 has not pled sufficient factual matter to demonstrate that defendants caused the claimed damages.
14 Instead, plaintiff has pled only "facts that are 'merely consistent' with a defendant's liability . . . ."
15 *Id.* This is insufficient to survive a Rule 12(b)(6) motion. *Id.*

16 **2.    Fraud and intentional deceit**

17 Plaintiff's second claim for fraud and intentional deceit alleges that defendants "committed
18 fraud by tell (sic) her that the only way she could obtain a loan modification was to not make
19 payments for at least 90 days." (Doc. #9).

20 "In alleging fraud or mistake, a party must state with particularity the circumstances
21 constituting fraud or mistake." FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by
22 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*,
23 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).
24 If a complaint asserting a fraud claim fails to meet the heightened pleading requirements of Rule
25 9(b), a district court may dismiss the claim. *Id.* at 1107.

26 Plaintiff's complaint fails to allege the "who, what, when, where, and how" of the
27 misconduct charged. *Id.* at 1106. Accordingly, dismissal of plaintiff's fraud claim is appropriate.

28

**James C. Mahan
U.S. District Judge**

- 3 -

1   **3. Breach of contract and breach of the implied covenant of good faith and fair dealing**

2       In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol*

3 *Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert

4 a claim for breach of the covenant if the defendant deliberately contravenes the intention and spirit

5 of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

6       Plaintiff does not allege any facts indicating that defendants were "unfaithful to the purpose

7 of the contract." *See Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev.

8 1991). Plaintiff only asserts that defendants "engaged in predatory lending" and did "not have the

9 authority to initiate the foreclosure process." (Doc. #9). These allegations provide no more than

10 "labels and conclusions" and are, therefore, insufficient to state a claim upon which relief can be

11 granted. *Twombly*, 550 U.S. at 555.

12   **4. Quiet title**

13       An action for quiet title should be dismissed where plaintiff's claim "is not based on a

14 cognizable legal theory." *Elias v. HomeEQ Servicing,* 2009 WL 481270 at *2 (D. Nev. 2009). A

15 borrower cannot quiet title to a property without discharging any debt owed. *Futch v. BAC Home*

16 *Loans Servicing, LP*, 2011 WL 4544006 at *3 (D. Nev. 2011).

17       Plaintiff has not carried her burden of showing that she possesses good title. The subject

18 property in this case is encumbered by a deed of trust, and plaintiff has not alleged that she has paid

19 the loan secured by the deed of trust. Thus, plaintiff has not pled a quiet title claim upon which relief

20 can be granted.

21   **5. Declaratory judgment**

22       A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v.*

23 *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The

24 declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011

25 WL 1363811 at *4 (D. Nev. 2011). If the substantive claims fail, then the claim for declaratory relief

26 also fails. *Id.*

27

28

**James C. Mahan**
**U.S. District Judge**

Plaintiff has failed to plead a claim for which relief can be granted. FED. R. CIV. P. 12(b)(6). Accordingly, plaintiff's substantive claims fail, and the claim for declaratory relief also fails.

**6.   Fraudulent assignment**

The premise of plaintiff's fraudulent assignment claim is that the note and the deed of trust were separated when MERS became involved. Thus, plaintiff relies on the split the note theory rejected by the Ninth Circuit in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). Additionally, plaintiff has failed to allege the "the who, what, when, where, and how" of the alleged fraud. *See* FED. R. CIV. P. 9(b); *Vess*, 317 F.3d at 1106. Accordingly, plaintiff has failed to plead a claim upon which relief can be granted.

**7.   Wrongful foreclosure**

Plaintiff's wrongful foreclosure claim asserts that Quality did not have the authority to foreclose on this property. (Doc. #9). Thus, plaintiff argues that the foreclosure did not comply with NRS 107.080 and is, therefore, invalid. (Doc. #9).

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in default when the power of sale was exercised." *Id.*

It is well-established that MERS has the authority to make assignments and substitutions. *See, e.g.*, *Cervantes*, 656 F.3d at 1044; *In re Mortgage Electronic Registration Systems (MERS) Litigation*, 2011 WL 4550189 (MDL Oct. 3, 2011).

As noted above, plaintiff has not alleged that she has paid the loan secured by the deed of trust. *See Collins*, 662 P.2d at 623. Therefore, her wrongful foreclosure claim must fail. Further, plaintiff's pleadings are not sufficient to establish that Quality did not have the authority to foreclose on this property. *See Cervantes*, 656 F.3d at 1044.

Accordingly,

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Quality Loan
2 Service Corporation's motion to dismiss (doc. #32) be, and the same hereby is, GRANTED.
3    IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and
4 enter final judgment accordingly.
5    DATED April 17, 2012.

_____
UNITED STATES DISTRICT JUDGE